PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SERGIO PLATA, Defendant and Appellant.

No. 4744. Argued April 29, 1932.—Decided May 11, 1932.

444

The defendant appeared *pro se.* *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Sergio Plata appeals from a judgment whereby he was sentenced to ten years' imprisonment in the penitentiary for a subsequent offense of burglary in the first degree. As we are of the opinion that the judgment should be reversed, we shall only state the facts that lead us to this conclusion.

The information was filed against Sergio Plata and Julio Liceaga. On the day of the arraignment, the court appointed an attorney to represent the defendants and granted a term to plead to the information whereupon the attorney entered pleads of not guilty and moved for a jury trial. On the day set for the trial both defendants appeared but their counsel was absent. The court inquired whether the parties were ready to proceed and Sergio Plata declared that he was not ready and moved for a continuance on the ground that he had not had an opportunity to read the information and had not been brought before the court to plead to the same. The appellant was in jail. The continuance was denied and then Julio Liceaga waived a jury trial and asked to be tried separately and the court granted both requests.

Thereafter Sergio Plata pleaded not guilty to the charge set forth in the information, and the impanelling of the jury that was to try him was begun.

The court informed the defendant that he could interrogate the jurors in order to make challenges for cause and he was entitled to challenge up to six selected jurors, and the defendant having answered that he reserved the right to challenge because he had not answered the information, the court inquired from the selected jurors whether they knew the defendant and their answer was in the negative. There were no challenges, and the jury having been sworn, the information was read. Then the defendant Sergio Plata pleaded not guilty and moved for a trial by the court without a jury and for the assignment of counsel to him. The court denied the first request but granted the second, and appointed an attorney to represent him who immediately started his duties by taking an exception to the ruling of the court whereby the waiver of a jury trial had been rejected. The prosecuting attorney introduced his evidence, and while the defendant was introducing his, he asked that certain police record be produced as evidence. Upon the court stating that he should have asked for it before, the defendant said that he reserved the right to challenge a part of the jury; and the court having answered that he had been invited by the court to make challenges, the defendant explained that the court had not given him an opportunity to consult his counsel and that one of the jurors had been a prosecuting witness against him in a criminal proceeding for burglary in the first degree, as the owner of the premises, and he pointed out the juror. Thereupon a member of the jury declared that he knew the defendant without saying why he knew him and that his acquaintance with him would not prevent him from acting impartially, and that he was not his enemy. He continued serving as a member of the jury.

The function of an attorney appointed by the court to represent the accused is not limited to answering the infor-

mation and stating whether the trial shall be by jury or by the court without a jury. It is also his duty to defend him at the trial, where the real contest as to the guilt or innocence of a defendant takes place. He should also communicate with the accused in order to know of his defense, if any, and to determine how the same may be established as well as to procure the evidence in time.

Having appointed an attorney to defend the appellant, the court should not have permitted the trial to proceed in the absence of counsel. The results of such an error are seen in this case, for serving in the jury was a person who had complained against the defendant for another crime similar to the present charge for which he was prosecuted, as the defendant stated before the court; and had he been defended by an attorney, such a juror would have undoubtedly been challenged, at least peremptorily. This was a flagrant error.

Moreover, when a new attorney was assigned to the defendant, he should have been allowed a reasonable time to confer with his client and to study the remedies available to him as well as the conditions of the witnesses for the prosecution. It does not appear that this was done and thereby justification was furnished for defendant's claim that he was not afforded an opportunity to consult his client.

We fail to perceive why the defendant was not permitted to waive a jury trial and to be tried by the court without a jury. If it was for fear that he might subsequently plead former jeopardy, as the *Fiscal* of this Court stated at the hearing of this appeal, it has already been decided that such plea can not be maintained where the jury has been discharged on motion of the defendant and with his consent. 16 C.J., p. 254, par. 409.

There was some evidence for the prosecution which tended to establish the defendant's guilt.

For the reasons stated, the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.